claims, and in this case the Plaintiffs have not asserted a contract claim. *Id.* Under Florida law, Plaintiffs contend that if a plaintiff "has not asserted a claim based on an express contract, his claim for unjust enrichment may proceed." *Id; Gold v. Chong*, 2007 WL 2028792 at *9 (S.D. Fla. July 11, 2007). I agree that under the circumstances presented herein, dismissal is premature. Accordingly, for the reasons set forth above, it is

ORDERED and ADJUDGED that the Motion (DE 25) be and is hereby DENIED.

DONE and ORDERED in Chambers, at West Palm Beach, Florida this 3rd day of October, 2008.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-80950-CIV-MIDDLEBROOKS/JOHNSON
(AS CONSOLIDATED WITH 07-81074 and 07-81220)

**HOWARD MORRIS, et al.**

    **Plaintiffs,**

vs.

**ADT SECURITY SERVICES, et al.**
_____/

## ORDER ON ADT'S MOTION TO DISMISS

Plaintiffs commenced this purported class action suit against Defendant, ADT, alleging (1) a violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201 ("Count I") and (2) unjust enrichment (Count II).[1] Before me now is Defendant's Motion to Dismiss the Complaint.

### BACKGROUND[2]

ADT is a burglar and fire alarm system company with its headquarters and principal place of business in Boca Raton, Florida. ADT sells and installs alarm systems, and provides monitoring services for customers throughout the United States. The alarm systems have a back-up component which relies on cellular phones to transmit an alarm in the event that the primary land line fails for some reason. It is the cellular-based back-up systems which at are issue in the

---

[1] Several procedural steps occurred wherein cases were transferred and consolidated into the instant action. An Amended Consolidated Complaint was filed and is the operative complaint in this matter.

[2] The following recitation of facts are derived from the Plaintiffs' First Consolidated Amended Complaint.

instant litigation.³ Plaintiffs allege as follows:

From 2002 to 2006, the alarm systems that ADT sold to customers relied on analog, as opposed to digital, cellular back-up signals to transmit alarm signals to monitoring locations. In 2002 the Federal Communications Commission ("FCC") determined that cellular carriers would no longer be required to maintain analog service lines and ruled that cellular companies were no longer required to continue to carry analog cellular signals (the "2002 Ruling"). The FCC allowed for a "sunset" period to enable companies whose products relied on analog-based cellular signals to transition their products to work with digital-based cellular signals. As a result of the 2002 Ruling, and with its knowledge of the industry, ADT knew in 2002 that its analog-based equipment would stop working properly at some point in February 2008 (the analog sunset date, hereinafter the "ASD"). The crux of Plaintiffs' Complaint is that, despite its awareness of the ASD, ADT continued to sell analog-based equipment to its customers, without informing them that their back-up system would not be functional Plaintiffs assert that ADT intentionally concealed this information from customers. Plaintiffs quote the FCC's findings that:

> Members of the alarm industry have long been aware of the approaching sunset date, yet continued to install analog radio equipment as recently as 2006. The alarm industry cannot now shift the responsibility and expense for its business decisions to the cellular industry and wireless consumers through regulatory arbitrage.

In 2007, ADT informed its customers that their cellular systems would stop working properly In February 2008, and urged its customers to pay several hundred dollars in order to upgrade to digital systems. Plaintiffs argue that because ADT chose to conceal this "material fact" from customers and to shift the responsibility to customers to pay for the upgrade, Plaintiffs

---

³ All references to ADT's Alarm Systems in this Order are referring to the cellular-based back-up systems only unless otherwise indicated.

2

and hundreds of thousands of individuals and entities across the country have had to pay to purchase new equipment or are left security systems that do not work properly.

Plaintiffs allege that it was in Palm Beach County, where ADT's senior-level management made the decision to conceal the fact that its cellular backup system would stop working in February 2008. Plaintiffs contend that ADT generated revenue as a result of this decision, and that this revenue flowed to Florida, where Plaintiffs made payments to ADT. Furthermore, Plaintiffs assert that any communication that was made with customers was generated in and disseminated from Florida. Finally, Plaintiffs contend that ADT was unjustly enriched from its deceptive and unfair trade practices that originated in Florida.

## LEGAL STANDARD

In a motion to dismiss, whether it is a motion to dismiss for lack of subject matter jurisdiction or for failure to state a claim, the Court is required to construe the complaint in the light most favorable to the plaintiff, and accept all the facts alleged by the plaintiff as true. *See Hishon v. King & Spaulding,* 467 U.S. 69, 73 (1984); *Lawrence v. Dunbar,* 919 F. 2d 1525, 1529 (11th Cir. 1990) (stating that a facial, as opposed to a factual, attack on whether or not a Plaintiff has sufficiently alleged a basis for subject matter jurisdiction under Rule 12(b)(1) is decided using the same standard as a Rule 12(b)(6) motion for failure to state a claim). However, a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007) (citation omitted). Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in

the complaint are true (even if doubtful in fact)." *Id.* at 1964-65 (citations omitted). Regardless of the alleged facts, a court may dismiss a complaint on a dispositive issue of law. *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). When, on the basis of a dispositive issue of law, no construction of the factual allegations of a complaint will support the cause of action, dismissal of the complaint is appropriate. *Powell v. United States*, 945 F.2d 374 (11th Cir. 1991).

## DEFENDANT'S MOTION TO DISMISS

In it Motion to Dismiss, ADT argues that Plaintiffs' FDUPTA claim fails as a matter of law, because (1) in its 2002 Ruling, the FCC predicted that cellular carriers would continue to provide analog service after the sunset period, therefore, ADT was under no duty to inform its potential customers of the existence of the sunset date; (2) the claims are barred because Plaintiffs entered into written contracts with ADT; and (3) Plaintiffs are unable to plead essential elements of their claims, because ADT had no duty to inform prospective customers about a law that was published in the *Federal Register* or to offer predictions about what third-party cellular carriers might do in the future.

ADT additionally asserts that the Plaintiffs' unjust enrichment claims fail both because of the written contracts and also because they have not alleged the absence of an adequate remedy at law, which is an essential element of an unjust enrichment claim.

As stated above, the alarm systems that ADT monitors and installs generally send signals from the customers' premises to ADT monitoring centers through traditional wire line telephone systems. However, as an additional part of its service offering, ADT states that it offers wireless cellular backup to send alarm signals should the traditional telephone line system fail. ADT

asserts that the equipment that it monitors and installs is manufactured by third-parties which means that it, ADT, does not manufacture cellular equipment or operate telephone networks,and that it therefore is not regulated by the FCC.

In September 2002, the FCC released a report which provided that the sunset of the analog requirement would "not preclude carriers from continuing to provide analog service." The FCC went on further to say, "we do not anticipate, as a general matter, carriers will immediately discontinue such service as it is reasonable to conclude that analog service will continue to be available as long as consumers demand it." Thus, ADT argues that it did not have an obligation to disclose the sunset date to customers, as carriers were required to support analog service until February 18, 2008, and some providers were expected to sell and support analog devices even after that date.

The FCC did not require cellular carriers to disclose their post-sunset plans for analog service until 2006. In 2006, two regional carriers disclosed to the FCC that they planned to terminate their analog services. ADT argues that it did not know until then, that its customers who relied on analog systems would have their alarm services disrupted. Defendant contends that on October 4, 2006, to minimize the risk to customers that would be affected by the sunset of analog devices, it asked the FCC to extend the sunset date. ADT posted a press release on its website the next day, expressing concern that the regulatory sunset could affect alarm service for hundreds of thousands of Americans who rely on analog-based equipment.

On June 15, 2007, the FCC announced that it declined to extend the sunset date. ADT asserts that the FCC further stated that cellular providers could continue to provide analog services, but since a number of cellular providers had informed the FCC that they intended to

5

discontinue analog service shortly after the sunset date, it was time to notify analog subscribers of the sunset date.

ADT argues that Plaintiffs' Complaint should be dismissed, because the FCC's report, upon which the Complaint is premised, contradicts Plaintiffs claims. ADT contends that its decision not to warn customers of the sunset date for analog technology was not unfair or deceptive, because it did not have an obligation to warn the customers that analog service would stop working after the sunset date. Given the FCC's report, released on September 24, 2002, predicting that analog devices would continue to work after the regulatory sunset, ADT contends that it could not have possibly been required to inform customers that their equipment would not work properly after the sunset period, especially considering that the actions of the cellular carriers were out of ADT's control.

I find that the Plaintiffs have properly alleged a claim under FDUTPA.  Fla. Stat. § 501.204(1).  A Plaintiff can sustain an action under the statute if a reasonable consumer acting in the same circumstances would likely be deceived by a company's business practice. *Romano v. Motorola, Inc.*, 2007 WL 4199781, *1 (S.D. Fla., November 26, 2007); *citing Davis v. Powertel, Inc.* 776 So.2d 971, 974 (Fla. 1st DCA 2001).  The Complaint alleges that ADT sold a security system from 2002 through 2006, that it knew would stop working properly in 2008, without disclosing this fact to customers, and then decided to charge customers to upgrade the system so that it would work as originally promised, is sufficient to state a claim under FDUPTA.

Additionally, a duty to disclose is not an element of FDUTPA .  Plaintiffs argue that FDUTPA is intended to be read broadly, and "imposes a general duty upon businesses to act in a manner that is not unfair or deceptive." *See* Fla. Stat. § 501.202(2) ("The provisions of this part

6

shall be construed liberally to promote the following policies: To protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Specifically, Plaintiffs argue that the "unfairness" aspect of FDUTPA would not require a duty to disclose in order to bring a claim under the Act. *Id.* at 7; *Citing FTC v. Sperry & Hutchinson Co.*, 405 U.S. 233 n.5 (1972) (stating that FTC unfairness analysis is not tied to the deception standard). Although FDUTPA sets out particular acts and practices that are "per se" violations of the Act, Plaintiffs argue that these acts and practice are not exclusive. *Id.* at 6; *Mack v. Bristol-Meyers Squibb Co.*, 673 So. 2d 100, 104 (Fla. 1st DCA 1996) ("While paragraphs (a) through © of subsection 501.203(3) set forth possible violations which would permit recovery under the Florida DUTPA, it is clear that the legislature did not intend the list to be exclusive.").

Moreover, Plaintiffs assert that ADT's suggestion that it had no duty to disclose to customers that its product would stop working properly in 2008, because the product's failure was a result of a change in the law, is irrelevant to their FDUTPA claims. I agree. This case is virtually identical to *Atlass v. Mercedes-Benz USA LLC*, 2007 WL 2892803 (D.N.J. Sept. 25, 2007). In *Atlass*, which while an unpublished district court opinion having no precedential weight upon this Court, the Plaintiffs similarly filed a suit against a car manufacturer for selling cellular-based navigation type system despite the 2002 Ruling. The *Atlass* court declined to dismiss a consumer fraud claim that was based on failure to disclose to customers a change in the FCC rules. The court stated:

> Defendant's first argument on this score, that it did not engage in wrongful or unlawful conduct because it had no duty to inform Plaintiff of changes in FCC rules, falls short. Plaintiff's allegations are not simply that Defendant did not inform him of the FCC rule

7

change, but rather that Defendant, knowing of the FCC's decision to end the requirement that wireless carriers provide an analog network, continued to market the analog Tele Aid system without informing consumers of its potentially brief life span. The Court has concluded that these contentions sufficiently allege wrongful conduct on the part of the Defendant.

I find the reasoning in *Atlass* persuasive, and given the nature of a 12(b)(6) claim, I find that Plaintiffs have adequately alleged a claim under Florida's Deceptive and Unfair Trade Practices Act.[4]

ADT next asserts that the each Plaintiff executed a contract with it, and so dismissal of their Plaintiffs' Complaint is warranted. Specifically, ADT argues that no FDUTPA or unjust enrichment claim can proceed where the allegedly "deceptive" or "unjust conduct" is consistent with a valid contract between the plaintiff and defendant. ADT contends that Plaintiffs' contracts with it provide that Plaintiffs will bear the risk that the carriers' technology will change, and; therefore, Plaintiffs' FDUTPA claims should be dismissed. ADT points to provisions in the contracts, that state that Plaintiffs would pay ADT "to reprogram the system if necessary," for increases in its "cost for facilities used for transmitting alarm signals," and that ADT could pass on charges to the Plaintiffs from the "telephone or signal transmission company" and could increase charges after one year of service. The Plaintiffs' contracts with ADT also provide that they will not rely on ADT's "advice or advertisements."

---

[4] I make two observations here. First, the Complaint alleged a count under FDUTPA, and the "consumer protection laws" of other states. As such, I decline to address Defendants argument that the FDUPTA claim must be dismissed as against the out of state defendants because ADT did not establish that these out of state plaintiffs could not make out a valid claim under their respective consumer protection statutes. The second observation goes to ADT's assertion that the individual contracts' statute of limitations provision bars Plaintiffs from bringing their claims. I find that the Plaintiffs claims are timely.

8

ADT relies on *University of Miami v. Intuitive Surgical, Inc.*, 2006 WL 306091 (11th Cir. Feb. 10, 2006). In *University of Miami*, the University of Miami sued the seller of a robotic surgical device for breach of contract, promissory estoppel, and several fraud-based claims under FDUTPA, claiming, among other things, that the seller provided the University with an obsolete surgical system. The *University of Miami* Court held that there was a valid contract between the parties and under that contract, the defendant in the case did not have an obligation to continue to manufacture the product. And so, the Court dismissed the FDUPTA claim as barred by the existence of the contract.

Defendant presents *Berry v. Budget Rent a Car Systems, Inc.*, 497 F. Supp. 2d 1361 (S.D. Fla. 2007), in further support of its assertion that the existence of a contract requires dismissal it the Plaintiffs' FDUPTA claim. In *Berry*, the plaintiff signed a rental agreement which provided that it would pay cost recovery fees in a certain amount, which the plaintiff later claimed to be fraudulent because the fees did not get applied to any "cost recovery." The Court held that because the fees at issue were within the scope of the parties rental agreement. The court considered the fact that the plaintiffs had agreed to pay the rental charges as well as the fee at issue in exchange for using the car. *Id.* at 1369.

ADT's reliance on these cases is misplaced. "Contractual limitation of remedies is an affirmative defense, and is not a ground upon which [a] consumer's complaint can be dismissed." *In re America Online, Inc.*, 168 F. Supp. 2d 1359, 1367 (S.D. Fla. 2001), *citing Tamiami Partners, Ltd. v. Miccosukee Tribe*, 177 F.3d 1212, 1220 n.5 (11th Cir. 1999). Plaintiffs, as I stated above, have adequately pled a claim under FDUPTA. I am not prepared at this juncture to find that Plaintiffs may not later properly claim that the contracts ADT rely upon are void as

9

having been procured through the deceptive and unfair trade practices of ADT.

ADT's claim that Plaintiff's unjust enrichment should be dismissed because of the contracts is similarly misplaced. While it is true that a claim of unjust enrichment cannot stand where there exists a valid contract, I find dismissal of this count premature for the same reason that I find it premature to dismiss Plaintiffs' FDUPTA claim at this point in time.

In determining whether to grant a motion to dismiss under Rule 12(b)(6), a court may look only to the facts alleged in the complaint and not to evidence outside of the pleadings. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003); *Malowney v. Federal Collection Deposit Group*, 193 F.3d 1342 (11th Cir. 1999); *BB In Technology Co., Ltd. v. JAF LLC*, 242 F.R.D. 632 (S.D. Fla. 2007). Plaintiffs' Amended Complaint includes the following allegations: (1) ADT knew in August 2002 that its analog-based equipment would stop working on February 18, 2008; (2) Despite this knowledge, ADT continued to sell analog equipment to customers, without notifying those customers that its equipment would stop functioning on February 18, 2008; (3) ADT was aware of the FCC's proposed rule change and knew the change would result in wireless carriers ceasing to provide analog networks; and (4) ADT made the decision to charge customers to upgrade systems in order for the systems to remain functioning as they originally should have.

Accordingly, Plaintiffs argue that ADT has improperly attempted to prevail on its Motion to Dismiss by raising several "fact-based defenses" that are contrary to the facts alleged in their Complaint, and therefore, should be disregarded. For example, Plaintiffs contend that ADT's argument that it did not know its product would stop working, should be disregarded as a basis for its Motion to Dismiss, as it is contrary to Plaintiffs' allegations in their Complaint. They also

assert that the additional documents that the FCC Rulings and individual contracts were not attached to their Complaint, and so may not properly be considered as a basis for the Motion to Dismiss. Given my findings set forth above, I find it unnecessary to address this contention.

ADT lastly claims that Plaintiffs have not pled the essential elements for a claim of unjust enrichment. ADT states that Plaintiffs have not demonstrated the lack of an adequate remedy of law, which Defendant asserts is a legal prerequisite to pleading an unjust enrichment claim. As a result, ADT argues that Plaintiffs unjust enrichment claim should also be dismissed. Under Florida law, to prevail on a claim for unjust enrichment, a plaintiff must prove that (1) "the plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) the defendant has voluntarily accepted and retained the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff." *Id; Tooltrend, Inc. v. CMT Utensili, SRL*, 198 F.3d 802, 805 (11th Cir. 1999).

Plaintiffs state that they have pled a proper claim for unjust enrichment, because they have alleged that (1) they conferred a benefit on ADT by paying to acquire its analog-based cellular product, that (2) ADT knowingly and voluntarily accepted that benefit by accepting the payments from Plaintiffs, and that (3) the circumstances are such that it would be inequitable for ADT to retain the benefit of the payments at their expense. *Id*. Furthermore, Plaintiffs assert that unlike other equitable claims, "an unjust enrichment claim may be maintained even though a remedy at law exists." *Id*. at 19; *In re Wiand*, 2007 WL 963165, *5 (M.D. Fla. March 27, 2007). Plaintiffs maintain that the cases that Defendant cited are different from this case, because in those cases the plaintiffs had asserted contract claims that conflicted with their unjust enrichment

11